UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-04-03121 |
| | § | |
| CORNELL COMPANIES INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel Mental Examination of Plaintiff (Doc. # 24). For the following reasons, and subject to the following limitations, Defendants' Motion to Compel Mental Examination of Plaintiff is **GRANTED**.

This case arises from Plaintiff's claims against Defendants for discrimination and retaliation in violation of Title VII, negligent supervision, negligent retention, and intentional infliction of emotional distress. As part of his claim for intentional infliction of emotional distress, Plaintiff has alleged that he "has suffered and will continue to suffer extreme mental anguish and emotional distress, which he has incurred, and will continue to incur, long into the future." Compl. ¶ 48. During the discovery process, Plaintiff has produced numerous medical and psychiatric records pertaining to his mental and emotional health. Pursuant to Federal Rule of Civil Procedure 35, Defendants now move the Court to order Plaintiff to submit to a mental examination by Defendants' expert, Dr. Theodore Pearlman, M.D., a board-certified psychiatrist. Defendants propose an examination consisting of both an interview of Plaintiff by Dr. Pearlman, and the administration to Plaintiff of the Minnesota Multiphasic Personality Inventory ("MMPI"). Defendants estimate that such an examination will last approximately four to six

hours, and Defendants have suggested that the examination could take place at the office of Plaintiff's counsel.

>Federal Rule of Civil Procedure 35(a) provides that:
>
>When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . .  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

FED. R. CIV. P. 35(a).  Before ordering a party to submit to a mental examination, a Court must find that the party's mental condition is genuinely in controversy, and that there exists good cause for conducting the examination.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); *see also Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) (recognizing three requirements for ordering a Rule 35 examination: "(1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown").  Plaintiff has not disputed that Dr. Pearlman is a psychologist competent to conduct a mental examination.  Plaintiff does, however, dispute both that he has placed his mental health in controversy, and that good cause for an examination exists.

A plaintiff who asserts a mental injury thereby places that injury "clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  *Schlagenhauf*, 379 U.S. at 119.  Many courts have held that a plaintiff who asserts a cause of action for intentional infliction of emotional distress asserts such a mental injury, thereby placing his or her mental condition in controversy.  *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 209 (N.D. Tex. 1996); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001); *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

Similarly, Plaintiff has placed has placed his mental health in controversy in this case, by asserting a claim against Defendants for intentional infliction of emotional distress, and by claiming that Defendants are at least partly responsible for the mental and emotional problems from which he suffers.

Additionally, Defendants have shown good cause for Dr. Pearlman's examination of Plaintiff. Demonstrating relevance is not enough to show good cause; rather, good cause requires a greater showing of need than under the other discovery rules. *Schlagenhauf*, 379 U.S. at 118. Defendants must show "specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 200 (E.D. Tex. 1996).

Here, Plaintiff has produced a wide variety of evidence as to his mental and emotional health, in the form of medical records and the opinions of his treating physicians contained therein. Presumably, Plaintiff will seek to admit at least some of this evidence to support his claim of intentional infliction of emotional distress, and Defendants are entitled to a fair opportunity to rebut Plaintiff's evidence. Dr. Pearlman has testified by affidavit that he is unable to evaluate Plaintiff's mental condition simply by reading his medical records and reviewing the opinions of Plaintiff's physicians. Pearlman Aff. ¶ 5. Rather, Dr. Pearlman has testified that a contemporary, in-person examination of Plaintiff is necessary to allow him to evaluate and form an opinion as to Plaintiff's mental condition. *Id.* Without such an examination, then, Defendants will be unable fully to counter Plaintiff's evidence of his mental health and proffer a meaningful defense. Under these circumstances, there is good cause to allow Dr. Pearlman to conduct a mental examination of Plaintiff. *See Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228, 233 (D. Conn. 2001) (noting that requests for psychiatric examinations under Rule 35 may be

granted to "preserve the equal footing of the parties to evaluate the plaintiff's mental state" (internal quotations omitted), and finding that, unless the plaintiff conclusively waived all rights to assert claims of emotional or mental distress, good cause for a mental examination by the defendant existed); *Fischer*, 168 F.R.D. at 201 ("To avoid prejudice, Defendant must have its expert conduct an examination of Plaintiff to rebut the reports of Plaintiff's vocational-rehabilitation expert. Otherwise, Defendant's vocational-rehabilitation expert has no way to adequately scrutinize the conclusions of Plaintiff's expert.").

Finally, the Court finds that the nature of the examination requested by Defendants, consisting of an interview and the administration of the MMPI, is not over-intrusive or unwarranted. Accordingly, Plaintiff is **ORDERED** to submit to such a mental examination by Dr. Pearlman at a time and location that are mutually acceptable to the parties.

**IT IS SO ORDERED**.

**SIGNED** this 20th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.